

1   JEREMY PASTERNAK, (SBN 181618)
2   jdp@pasternaklaw.com
    LAW OFFICES OF JEREMY PASTERNAK
3   A Professional Corporation
    445 Bush Street, Sixth Floor
4   San Francisco, CA 94108
    Telephone: (415) 693-0300
5   Facsimile: (415) 693-0393

6   JOSHUA KONECKY (SBN 182897)
7   jkonecky@schneiderwallace.com
    SCHNEIDER WALLACE
8   COTTRELL BRAYTON KONECKY LLP
    180 Montgomery Street, Suite 2000
9   San Francisco, CA 94104
    Telephone: (415) 421-7100
10  Facsimile: (415) 421-7105

11
    Attorneys for Plaintiff and the Proposed Class
12                                              E-filing

13

14

15              **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**        PJH

17
    JOHN DOE, individually and on behalf      **C V   10   2635**
18  of all others similarly situated,
                                              **COMPLAINT FOR VIOLATIONS OF**
19                                            **(1) FAMILY MEDICAL LEAVE ACT; AND**
                                              **(2) CALIFORNIA FAMILY RIGHTS ACT**
20              Plaintiff,
        vs.                                   **DECLARATORY & INJUNCTIVE RELIEF**
21
    JPMORGAN CHASE & CO., a business          **CLASS ACTION**
22  entity form unknown; JPMORGAN
    CHASE NATIONAL CORPORATE
23  SERVICES, INC., a New York
    Corporation; and Does 1-50 inclusive,
24
                Defendant.
25

26

27

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

ORIGINAL FILED

JUN 1 5 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    Plaintiff John Doe brings this class action complaint against Defendant JPMorgan

2  Chase & Co., JPMorgan Chase National Corporate Services, Inc., and Does 1-25 inclusive

3  (collectively "Defendants" or "JPMorgan Chase") and alleges the following:

4  **INTRODUCTION**

5    1.    This is a class action challenging Defendants' policy and practice of conditioning an

6  employee's statutory right to seek leave from employment for medical reasons on having the

7  employee authorize the disclosure of all medical information pertaining to the individual, regardless

8  of whether it is relevant to the condition for which the individual is seeking leave, and regardless of

9  how private or sensitive the information may be.  Defendants' policy and practice, which it

10  implements through the use of a standardized medical release form that the employee must execute

11  to seek leave violates the Family Medical Leave Act and the California Family Rights Act.  On

12  behalf of himself and all others similarly situated, Plaintiff requests that Defendants be ordered to

13  cease its current policy and practice.  Plaintiff further requests that Defendants be ordered to

14  implement new procedures that do not compel employees, either directly or indirectly, to authorize

15  the overbroad and/or unnecessarily invasive disclosure of medical information as a condition for

16  seeking and/or taking leave.

17    2.    Plaintiff JOHN DOE has been an employee in good standing with Defendant

18  JPMorgan Chase for over two years.  In or around March 2010, Plaintiff's physician informed him

19  that he would need to have his gallbladder removed.  Plaintiff's physician informed Plaintiff that

20  this procedure would require an operation and recovery time.  Plaintiff thereafter sought medical

21  leave from his employer.  As a condition of seeking and maintaining his leave, Plaintiff had to

22  authorize the disclosure of all his medical information pursuant to Defendants' policy and practice.

23    3.    Plaintiff also has another medical condition that is private, specifically HIV/AIDS.

24  Nevertheless, Plaintiff was compelled to authorize, and must continue to authorize, the disclosure of

25  this private and irrelevant medical information in order to comply with Defendants' procedures for

26  taking medical leave for his gallbladder removal and recovery.

27    4.    Prior to filing this lawsuit, Plaintiff requested in writing that Defendants cease their

28  policy and practice of having him authorize, and continue to authorize, the disclosure of all his

1

1  medical information to be on medical leave.  Defendants declined to change their policy for him or

2  any other employee who seeks medical leave.

3  **JURISDICTION**

4  5.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

5  1331, and pursuant to 29 U.S.C. § 2601, et seq., for Plaintiffs' claims arising under the Family

6  Medical Leave Act.

7  6.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over

8  Plaintiff's pendent claim under the California Family Rights Act and California Fair Employment

9  and Housing Act.

10  7.    Plaintiff has filed timely charges of discrimination with the California Department of

11  Fair Employment and Housing and the Equal Employment Opportunity Commission.  Plaintiff is

12  awaiting his "right to sue" letters and upon his receipt of them will amend this Complaint to so

13  allege.

14  **VENUE**

15  8.    Venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391(b)-(c).

16  9.    Defendants JPMorgan Chase and JPMorgan Chase National Corporate Services are

17  registered to do business in California and have been doing business in California, including the

18  Northern District of California.  Defendants maintain branch locations and offices in the Northern

19  District of California.  They are subject to personal jurisdiction in this District.  Plaintiff is an

20  employee of Defendants in the Northern District of California.

21  10.   Plaintiff is informed and believes and thereon alleges that there exists, and, at all

22  times relevant to this complaint, existed a unity of interests between the Defendants such that any

23  individuality and separateness between the Defendants has ceased, and the each Defendant is the

24  alter ego of the other Defendants and that the Defendants have exerted control over each other.

25  Adherence to the fiction of the separate existence of any Defendant as an entity distinct from other

26  Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote

27  injustice.

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1      11.     Therefore, and for ease of reference, Plaintiff shall herein refer to Defendants

2  collectively as "Defendant" and/or "JPMorgan Chase."

3      12.     Defendant also has been and is committing the acts alleged herein in the Northern

4  District of California, has been and is violating the rights of employees in the Northern District of

5  California, and has been and is causing injury to employees in the Northern District of California.

6  A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the

7  Northern District of California.

8      13.     Members of the class and subclass reside in the Northern District of California.

9  Plaintiff is a California citizen and resides in the Northern District of California.  He has

10  experienced injury in this District as a result of Defendants' unlawful policy and practice as alleged

11  herein.

12                                       **PARTIES**

13      14.     Plaintiff JOHN DOE is a citizen of California and a resident of San Francisco,

14  California.  Plaintiff has been an employee in good standing with Defendant JPMorgan Chase for

15  over two years and has worked more than 1,250 hours in the last twelve months.

16      15.     Defendants JPMORGAN CHASE and JPMORGAN CHASE NATIONAL

17  CORPORATE SERVICES are a global financial assets firm with assets of two trillion dollars and

18  over two hundred thousand employees, including numerous employees in California and the

19  Northern District of California, and over fifty employees within a seventy-five mile radius of

20  Plaintiff's workplace.

21      16.     Plaintiff does not know the true names and capacities of Defendants sued herein as

22  DOES 1-50, and therefore sue these Defendants by fictitious names.  Plaintiff will amend his

23  complaint to state the true names and capacities when ascertained.  Plaintiff is informed and

24  believes and thereon alleges that each of the fictitiously named Defendants is responsible in some

25  manner for the occurrences and damages alleged herein, and that Plaintiff's injury as hereinafter set

26  forth were proximately caused by said Defendants.

27      17.     Plaintiff is informed and believes and thereon alleges that each of the Defendants

28  acted in concert with each and every other Defendant, intended to and did participate in the events,

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

3

1 | acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and

2 | injury thereby to Plaintiff as alleged herein.

3 |        18.     At all times herein mentioned, each Defendant was the agent or employee of each of

4 | the other Defendants and was acting within the course and scope of such agency or employment.

5 |        19.     Throughout this Complaint, any reference to "JPMorgan Chase" or "Defendant" is

6 | intended to refer to all Defendants jointly.

7 |                                    **FACTS**

8 |        20.     Plaintiff is an employee of Defendants herein.

9 |        21.     Defendants' policy and practice for employees who seek a leave of absence from

10 | work for medical reasons is to require them to complete a form entitled "EMPLOYEE MEDICAL

11 | INFORMATION RELEASE" (hereinafter "Release").

12 |        22.     Defendants utilize the Release without distinction as to whether the leave sought is

13 | pursuant to the Family Medical Leave Act, the California Family Rights Act, the Fair Employment

14 | and Housing Act, or some other law or procedure.

15 |        23.     The Release states in pertinent part:

16 | IMPORTANT NOTICE:

17 | You and your medical provider MUST complete this form and return it to Disability
   Management Services within 15 days of receipt.  Failure to complete and return the
18 | form would prevent processing of your request for a leave of absence and/or short-
   term disability benefits.
19 |

20 |        24.     The Release also includes the following language:

21 | RELEASE: I authorize all healthcare providers (physicians [sic], hospitals, medical
   service  providers/practitioners,  including  therapists,  and  other  agencies,
22 | organizations or persons in possession of information concerning the state of my
   health) to release photocopies of that information, including my medical records, to
23 | J. P. Morgan Chase or any authorized representatives (hereinafter, "J. P. Morgan
   Chase").  I further authorize the healthcare providers to communicate orally or in
24 | writing with the J. P. Morgan Chase concerning the state of my health, and to answer
   any questions J. P. Morgan Chase might have.  This release is made to permit J. P.
25 | Morgan Chase to determine whether I qualify for a medical leave of absence and/or
   short-term disability benefits . . . .
26 |
27 |        25.     Plaintiff, due to his gallbladder medical condition, sought a leave of absence for a

28 | surgery and, pursuant to that request, was provided the Release by Defendants to complete.

1   Plaintiff also suffers from another medical condition, HIV/AIDS, which is extremely private and

2   sensitive.  Nonetheless, Plaintiff had to execute the Release, which broadly authorized the

3   disclosure of all information pertaining to his health, because he needed a leave of absence for the

4   surgery and recovery time.

5         26.    Plaintiff was initially granted a leave of absence.  Yet, Defendants still requested

6   additional medical information from him.  Moreover, Defendants have not specified why the

7   information Plaintiff already provided did not substantiate Plaintiff's need for leave or what

8   particular additional information is sought.  At the same time, the Release Plaintiff had to sign

9   continued and to this day continues to subject him to the possible disclosure of <u>all</u> his medical

10  information—including highly private and sensitive medical information that is not required to

11  verify his need for leave—at Defendants' sole discretion, as a condition for Plaintiff to continue his

12  leave and maintain his employment with Defendants.

13        27.    On May 18, 2010, Plaintiff through his counsel sent a letter to Defendants setting

14  forth his situation and explaining in detail why Defendants' Release violated applicable federal and

15  state laws.  The letter requested that Defendants: (a) return and/or destroy the Release signed by

16  Plaintiff; (b) assure Plaintiff that this would not compromise his right to seek further medical leave

17  or an extension of the leave he is currently on; and (c) cease its policy and practice of using this

18  form as a prerequisite to granting leave to employees.

19        28.    On May 20, 2010, Defendants' legal department sent Plaintiff a letter stating that

20  they would investigate his allegations and response as soon as possible.  Defendants, however, did

21  not respond further.

22        29.    On June 7, 2010, Plaintiff through his counsel sent Defendants another letter to

23  attempt to resolve this matter short of litigation. In that letter, Plaintiff requested a substantive

24  response to the May 18 letter by June 11, 2010.  Defendants still did not respond or indicate in any

25  fashion that they might provide Plaintiff with the relief he is seeking on behalf of himself or the

26  class of individuals set forth below.

27  ////

28  ////

**CLASS ACTION ALLEGATIONS**

30.     Plaintiff seeks certification of the following nationwide class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "All employees of Defendants in the United States who are or will be provided with Defendants' Release to execute if they seek a leave of absence for medical reasons."

31.     Plaintiff seeks certification of the following California subclass pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "All employees of Defendants in California who are or will be provided with Defendants' Release to execute if they seek a leave of absence for medical reasons."

32.     The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

33.     There are common questions of law and fact involved affecting the parties to be represented in that they all are, or will be, subject to Defendants' overbroad, invasive and illegal Release as a condition for seeking leave for medical reasons.

34.     The claims of Plaintiff are typical of those of the class.  He is subject to the same Release as the other members of the class who are seeking, or will be seeking, leave for medical reasons.

35.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation.

36.     Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

37.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

6

COMPLAINT

**FIRST CAUSE OF ACTION**
(Violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

38.     Plaintiff hereby incorporates all of the preceding allegations as if fully set forth herein.

39.     As is set forth above, Plaintiff was and is an individual subject to the protections of the Family Medical Leave Act, in that he sought medical leave for a serious medical condition, and has been employed with Defendants herein for over one year and has worked over 1,250 hours in the last twelve months.

40.     As is set forth above, Defendant is an employer subject to the Family Medical Leave Act, employing over fifty employees within a seventy-five mile radius of Plaintiff's place of work.

41.     Defendants' policy and practice of having individuals who seek a medical leave to execute an overbroad and invasive release of all medical documents and information, as a condition for seeking the leave, is a violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

42.     29 U.S.C. § 2613 states in pertinent part:

(a)     An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

(b)     Certification provided under subsection (a) of this section **shall be sufficient** if it states--

(1) the date on which the serious health condition commenced;

(2) the probable duration of the condition;

(3) the appropriate medical facts within the knowledge of the health care provider regarding the condition.

(Emphasis added.)

43.     The interpretive regulations of the Family Medical Leave Act include 29 C.F.R. §§ 825.305 and 825.306.  These state in pertinent part:

Section 305(a):  General. An employer may require that an employee's leave to care

SCHNEIDER   WALLACE
COTTRELL   BRAYTON
KONECKY ᴸᴸᴾ

for the employee's covered family member with a serious health condition, or due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position, be supported by a certification issued by the health care provider of the employee or the employee's family member. . . An employer must give notice of a requirement for certification each time a certification is required; such notice must be written notice whenever required by § 825.300(c).

Section 306(a):    Required information. When leave is taken because of an employee's own serious health condition, or the serious health condition of a family member, an employer may require an employee to obtain a medical certification from a health care provider that sets forth the following information:

(1)    The name, address, telephone number, and fax number of the health care provider and type of medical practice/specialization;

(2)    The approximate date on which the serious health condition commenced, and its probable duration;

(3)    A statement or description of appropriate medical facts regarding the patient's health condition for which FMLA leave is requested. The medical facts must be sufficient to support the need for leave. Such medical facts may include information on symptoms, diagnosis, hospitalization, doctor visits, whether medication has been prescribed, any referrals for evaluation or treatment (physical therapy, for example), or any other regimen of continuing treatment;

(4)    If the employee is the patient, information sufficient to establish that the employee cannot perform the essential functions of the employee's job as well as the nature of any other work restrictions, and the likely duration of such inability (see § 825.123(b) and (c));

(5)    If the patient is a covered family member with a serious health condition, information sufficient to establish that the family member is in need of care, as described in § 825.124, and an estimate of the frequency and duration of the leave required to care for the family member.

44.    The terms of the Release as set forth herein require employees to broadly authorize the disclosure of private medical information beyond what is contained in these provisions.

45.    Defendants' policy and practice of conditioning Plaintiff's and other employees' right to leave upon their acquiescence to and signing of the Release, which the employees are not legally obligated to do, therefore constitutes an unlawful interference with and denial of the rights set forth herein.

46.    Plaintiff is entitled to injunctive and declaratory relief under 29 U.S.C. § 2617(A)(1)(b) to remedy violations of the Family Medical Leave Act.

47.    Plaintiff is entitled to reasonable attorneys' fees and costs under 29 U.S.C. § 2617(a)(3).

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

8

1    48.    WHEREFORE, Plaintiff requests relief as set forth below.

2                        **SECOND CAUSE OF ACTION**

3    Violation of the California Family Rights Act, Cal. Gov't Code § 12945.2 and the California Fair
     Employment and Housing Act, Cal. Gov't Code § 12900 et seq.

4                    (On Behalf of California Subclass Only)

5    49.    Plaintiff hereby incorporates all of the preceding allegations as if fully set forth

6    herein.

7    50.    As is set forth above, Plaintiff was and is an individual subject to the protections of

8    the California Family Rights Act, in that he sought medical leave for a serious medical condition,

9    and has been employed with Defendants herein for over one year and has worked over 1,250 hours

10   in the last twelve months.

11   51.    As is set forth above, Defendant is an employer subject to the California Family

12   Rights Act, employing over fifty employees within a seventy-five mile radius of Plaintiff's place of

13   work.

14   52.    Defendants' policy and practice of having individuals who seek a medical leave to

15   execute an overbroad and invasive release of all medical documents and information, as a condition

16   for seeking the leave, is a violation of the California Family Rights Act, California Government

17   Code Section 12945.2.

18   53.    California Government Code Section 12945.2(k) states in pertinent part:

19        (k)(1) An employer may require that an employee's request for leave
          because of the employee's own serious health condition be supported
20        by a certification issued by his or her health care provider. That
          certification **shall be sufficient** if it includes all of the following:
21

22        (A) The date on which the serious health condition commenced.

23        (B) The probable duration of the condition.

24        (C) A statement that, due to the serious health condition, the
          employee is unable to perform the function of his or her position.
25

26        (Emphasis added.)

27   54.    The California Supreme Court has held, in *Lonicki v. Sutter Health Cent.*, 43 Cal.4th

28   201 (2008), the following:

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

By stating that an employee's certification "shall be sufficient" if it contains the commencement date of the employee's health condition began, the "probable duration of the condition," and a statement that the condition renders the employee unable to do the job, subdivision (k)(1) of section 12945 **limits** <u>the type of information that an employer can require an employee to provide in a certification</u>. For example, <u>an employer may not require an employee seeking medical leave to provide detailed intimate and private information</u> about a serious psychiatric condition that has made the employee unable to do the work, nor may the employer deny the employee's request for medical leave for failing to provide such information.

*Id.* at 211 (emphasis added).

55.     The terms of the Release as set forth herein violate the provisions the California Family Rights Act as well as the California Supreme Court's construction of them.

56.     Defendants' policy and practice of conditioning Plaintiff's and other employees' right to leave upon their acquiescence to and signing of the Release, which the employees are not legally obligated to do, therefore constitutes an unlawful interference with and denial of the rights set forth herein.

57.     Plaintiff is entitled to injunctive and declaratory relief under Cal. Gov't Code § 12900 et seq. to remedy violations of the California Family Rights Act.

58.     Plaintiff is entitled to reasonable attorneys' fees and costs under Cal. Gov't Code § 12965b and California Code of Civil Procedure § 1021.5.

59.     WHEREFORE, Plaintiff requests relief as set forth below.

## **THIRD CAUSE OF ACTION**
### (Declaratory Relief)

60.     Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

61.     An actual controversy has arisen and now exists between the parties in that Plaintiff and the Class contend, and are informed and believe that Defendants deny, that Defendants' policy and practice of requiring a release of all medical documents, as set forth in the Release, as a condition for obtaining the accommodation of a medical leave, violates the laws set forth herein.

62.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

10

COMPLAINT

1    WHEREFORE, Plaintiff requests relief as set forth below.

2    **RELIEF REQUESTED**

3    WHEREFORE, Plaintiff prays for judgment as follows:

4    1.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2),

5    appointing Plaintiff as Class Representative, and his attorneys as Class Counsel.

6    2.    A preliminary and permanent injunction to prohibit Defendants from violating the

7    Family Medical Leave Act, the California Family Rights Act and the California Fair Employment

8    in Housing Act.

9    3.    A preliminary and permanent injunction requiring Defendants to cease using the

10   Release as part of the process for seeking medical leave and to otherwise cease from having

11   employees authorize a complete release of all medical information as a precondition for seeking

12   leave.

13   4.    A declaration that Defendants' policy and practice of requiring a release of all

14   medical documents, as set forth in the Release, as a condition for obtaining medical leave, violates

15   the Family Medical Leave Act, the California Family Rights Act and the California Fair

16   Employment in Housing Act.

17   5.    Reasonable attorneys' fees, expenses, and costs of suit as provided by law.

18   6.    Pre-judgment interest to the full extend permitted by law; and,

19   7.    Such other and further relief as the Court deems just and proper.

20

21   Date: June 15, 2010

Respectfully submitted,

22   LAW OFFICES OF
     JEREMY PASTERNAK

23   SCHNEIDER WALLACE
     COTTRELL BRAYTON
24   KONECKY LLP

25

26

27   JOSHUA KONECKY
     Counsel for Plaintiff

28